| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____ Chapter __11__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
| --- | --- | --- |
| **1.** | **Debtor's name** | **Castex Energy Partners, L.P.** |
| **2.** | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | |

| | | | |
| --- | --- | --- | --- |
| **4.** | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **Three Allen Center** <br> **333 Clay Street, Suite 2900** <br> **Houston, TX 77002** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Harris** <br> County | **Location of principal assets, if different from principal place of business** <br> Number, Street, City, State & ZIP Code |

| | | |
| --- | --- | --- |
| **5.** | **Debtor's website** (URL) | |

| | | |
| --- | --- | --- |
| **6.** | **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ■ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor   **Castex Energy Partners, L.P.**
_____    Case number (*if known*) _____
            Name

**7.   Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
____  ____

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

Debtor   **See Attachment** _____   Relationship _____

District _____   When _____   Case number, if known _____

Official Form 201        **Voluntary Petition for Non-Individuals Filing for Bankruptcy**        page 2

Debtor **Castex Energy Partners, L.P.**
_____   Case number (*if known*) _____
Name

| | | |
|---|---|---|
| **11. Why is the case filed in this district?** | *Check all that apply:* | |
| | ■ | Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ | A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | | |
|---|---|---|
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No | |
| | ☐ Yes. | Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
| | | **Why does the property need immediate attention?** (*Check all that apply.*) |
| | | ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. |
| | | What is the hazard? _____ |
| | | ☐ It needs to be physically secured or protected from the weather. |
| | | ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). |
| | | ☐ Other _____ |
| | | **Where is the property?** _____ |
| | | Number, Street, City, State & ZIP Code |
| | | **Is the property insured?** |
| | | ☐ No |
| | | ☐ Yes. Insurance agency _____ |
| | | Contact name _____ |
| | | Phone _____ |

---

**■ Statistical and administrative information**

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* | |
| | ■ Funds will be available for distribution to unsecured creditors. | |
| | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. | |

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ■ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than100,000 |

| | | | |
|---|---|---|---|
| **15. Estimated Assets** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>■ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50  million<br>☐ $50,000,001 - $100 million<br>■ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

Debtor  **Castex Energy Partners, L.P.**                                    Case number (*if known*) _____
_____
Name

| | Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **October 16, 2017**
                       MM / DD / YYYY

**X** **/s/ Aaron Killian**                                    **Aaron Killian**
Signature of authorized representative of debtor            Printed name

         **Vice President and Chief Financial**
Title    **Officer**

**18. Signature of attorney**

**X** **/s/ Louis M. Phillips**                    Date  **October 16, 2017**
Signature of attorney for debtor                        MM / DD / YYYY

**Louis M. Phillips**
Printed name

**Kelly Hart & Pitre**
Firm name

**301 Main Street**
**Suite 1600**
**Baton Rouge, LA 70801-1916**
Number, Street, City, State & ZIP Code

Contact phone   **225-381-9643**        Email address   **louis.phillips@kellyhart.com**

**LA 10505**
Bar number and State

Debtor   **Castex Energy Partners, L.P.** _____   Case number (if known) _____
          Name

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS _____

Case number (if known) _____   Chapter __11__

☐ Check if this an
   amended filing

---

### FORM 201. VOLUNTARY PETITION

### <u>Pending Bankruptcy Cases Attachment</u>

| | | | | |
|---|---|---|---|---|
| Debtor | **Castex Energy 2005, L.P.** | | Relationship to you | **Affiliate** |
| District | **USBC for the Southern District of TX, Houston Division** | When **10/16/17** | Case number, if known | |
| Debtor | **Castex Energy II, LLC** | | Relationship to you | **Affiliate** |
| District | **USBC for the Southern District of TX, Houston Division** | When **10/16/17** | Case number, if known | |
| Debtor | **Castex Energy IV, LLC** | | Relationship to you | **Affiliate** |
| District | **USBC for the Southern District of TX, Houston Division** | When **10/16/17** | Case number, if known | |
| Debtor | **Castex Offshore, Inc.** | | Relationship to you | **Affiliate** |
| District | **USBC for the Southern District of TX, Houston Division** | When **10/16/17** | Case number, if known | |

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | CASE NO. 17- |
| CASTEX ENERGY PARTNERS, L.P., | Chapter 11 |
| Debtor. | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Percentage of Shares or Units Held |
|---|---|
| Castex Energy 2005, L.P. | 98.91% |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | CASE NO. 17- |
| CASTEX ENERGY PARTNERS, L.P., | Chapter 11 |
| Debtor. | (Joint Administration Requested) |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Shares or Units Held |
|---|---|---|
| Castex Energy 2005, L.P. | Three Allen Center<br>333 Clay Street, Suite 2900<br>Houston, Texas 77002 | 98.91% |
| Castex Energy II, LLC | Three Allen Center<br>333 Clay Street, Suite 2900<br>Houston, Texas 77002 | 1.0% |
| Castex Energy IV, LLC | Three Allen Center<br>333 Clay Street, Suite 2900<br>Houston, Texas 77002 | 0.09% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

Fill in this information to identify the case:

Debtor name  **Castex Energy Partners, L.P.**

United States Bankruptcy Court for the:  **SOUTHERN DISTRICT OF TEXAS**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **ALLISON OFFSHORE SVS, LLC Attn: HANK ROBARDS 101 GALBERT ROAD Lafayette, LA 70506** | **HANK ROBARDS**<br><br>**EMAIL - N/A**<br><br>**PHONE - 337-233-0306**<br>**FAX - 555-555-5555** | **Lease Operating Costs** | | | | **$129,218.00** |
| **ARCHROCK PARTNERS OPERATING LLC Attn: D. BRADLEY CHILDERS 9807 KATY FRWY, SUITE 100 Houston, TX 77024** | **D. BRADLEY CHILDERS**<br><br>**EMAIL -**<br><br>**PHONE - 281-836-8000**<br><br>**FAX -** | **Lease Operating Costs** | | | | **$273,050.00** |
| **AXIP ENERGY SERVICES Attn: Skip Herald 1301 MCKINNEY #900 FULBRIGHT TOWER Houston, TX 77010** | **Skip Herald**<br><br>**EMAIL - JHERALD@AXIP.COM**<br><br>**PHONE - 832-294-6500**<br><br>**FAX - 361-575-6567** | **Lease Operating Costs** | | | | **$25,000.00** |

Debtor __**Castex Energy Partners, L.P.**_____     Case number *(if known)* _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| BAKER HUGHES PETROLITE LLC Attn: MARTIN S. CRAIGHEAD 17021 ALDINE WESTFIELD Houston, TX 77073 | MARTIN S. CRAIGHEAD EMAIL - WILL.MARSH@BA KERHUGHES.COM; PHONE - 713-439-8600 FAX - 281-275-7218 | Lease Operating Costs | | | | $32,498.00 |
| CAPITAL ONE, N.A. Attn: STEPHEN HARTMAN, CPA SPECIAL ASSETS, ENERGY/MML BANKING 1000 LOUISIANA, SUITE 2950 Houston, TX 77002 | STEPHEN HARTMAN, CPA EMAIL - STEPHEN.HARTMA N@CAPITALONE.C OM PHONE - 713-435-5247 FAX - 713-650-4930 | Bank Loan | | $390,348,749.00 | | Undetermined |
| CETCO ENERGY SERVICES Attn: Robert J. Trauger 3601 PAUL SEGURA PARKWAY New Iberia, LA 70560 | Mr. Robert J. Trauger EMAIL - N/A PHONE - 337-364-3117 FAX - 337-365-0337 | Lease Operating Costs | | | | $23,614.00 |
| DOWN UNDER GEO SOLUTIONS LLC Attn: Dr Matthew Lamont/Dr Troy Thompson 16200 PARK ROW, SUITE 100 Houston, TX 77084 | Dr Matthew Lamont and Dr Troy Thompson EMAIL - SALES@DUG.COM ; SUPPORT@DUGE O.COM PHONE - 832-582-3221 FAX - N/A | Lease Operating Costs | | | | $26,036.00 |

Debtor   **Castex Energy Partners, L.P.**
_____   Case number _(if known)_ _____
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **GE OIL & GAS PRESSURE** Attn: WILL MARSH 11330 CLAY ROAD Houston, TX 77041 | WILL MARSH EMAIL - STEPHANIE.CATH CART@GE.COM; WILL.MARSH@BA KERHUGHES.COM PHONE - 202-637-4108 FAX - N/A | Lease Operating Costs | | | | $22,919.00 |
| **ISLAND OPERATING COMPANY, INC.** Attn: Gregg H. Falgout 108 ZACHARY DRIVE Scott, LA 70583 | Mr. Gregg H. Falgout EMAIL - RLASESTER@ISLA NDOPERATING.CO M PHONE - 337-233-9594 FAX - 337-235-9657 | Lease Operating Costs | | | | $25,615.00 |
| **JOHN W STONE OIL DIST., LLC** Attn: John W. Stone Jr. 1601 BELLE CHASSE HIGHWAY SUITE 300 Gretna, LA 70056 | Mr. John W. Stone Jr. EMAIL - JWSOFFSHORE@ STONEOIL.COM; SSAUCIER@STON EOIL.COM PHONE - 504-366-3401 FAX - 504-392-3668 | Lease Operating Costs | | | | $28,232.00 |
| **JONES OILFIELD SERVICE & SUPPLY LLC** Attn: Jimmy Lee Fusilier 6140 HWY 90 E Lake Charles, LA 70615 | Jimmy Lee Fusilier EMAIL - N/A PHONE - 337-990-0151 FAX - 337-990-0155 | Lease Operating Costs | | | | $40,450.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

Debtor    **Castex Energy Partners, L.P.** _____     Case number (if known) _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| RC LOGISTICS, LLC Attn: CHRIS RODGERS 14058 WEST MAIN Larose, LA 70373 | CHRIS RODGERS<br><br>EMAIL - CHRIS@RCLOGISTICS.BIZ<br><br>PHONE - 985-693-6676<br><br>FAX - N/A | Lease Operating Costs | | | | $30,530.00 |
| SHAMROCK ENERGY SOLUTIONS Attn: JASON LYONS 4800 HWY 311 Houma, LA 70360 | JASON LYONS<br><br>EMAIL - SALES@GO-SHAMROCK.COM; INFO@GO-SHAMROCK.COM<br><br>PHONE - 985-872-0505<br><br>FAX - 985-868-5321 | Lease Operating Costs | | | | $23,710.00 |
| SOUTHERN STATES BROKERAGE, INC Attn: RALPH MCINGVALE 19101 OIL CENTER BLVD. Houston, TX 77073 | RALPH MCINGVALE<br><br>EMAIL - SSO@SSO4BOATS.COM<br><br>PHONE - 281-209-2871<br><br>FAX - 281-209-2879 | Lease Operating Costs | | | | $67,425.00 |
| TETRA TECHNOLOGIES INC. Attn: BASS C WALLACE JR. 24955 INTERSTATE 45 NORTH The Woodlands, TX 77380 | BASS C WALLACE JR.<br><br>EMAIL - CORPSECRETARY@TETRATEC.COM<br><br>PHONE - 281-367-1983<br><br>FAX - 281-364-4398 | Lease Operating Costs | | | | $1,154,993.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

Debtor   __Castex Energy Partners, L.P._____   Case number *(if known)*   _____
　　　　　Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **W & T OFFSHORE, INC.** **Attn: TRACY KROHN** **NINE E. GREENWAY PLAZA** **SUITE 300** **Houston, TX 77046** | **TRACY KROHN** **EMAIL -** **TWK@WTOFFSHO RE.COM** **PHONE -** **713-626-8525** **FAX -** **713-626-8527** | **Lease Operating Costs** | | | | **$24,204.00** |
| **WALTER OIL & GAS CORPORATION** **Attn: CHAD ELIAS** **1100 LOUISANA, SUITE 200** **Houston, TX 77002** | **CHAD ELIAS** **EMAIL -** **CELIAS@WALTER OIL.COM** **PHONE -** **713-659-1221** **FAX -** **713-756-1177** | **Lease Operating Costs** | | | | **$2,319,043.00** |
| **WESTWIND HELICOPTERS, INC.** **Attn: ROBERT M. MCCOY** **8426 FM 2004** **Santa Fe, TX 77510** | **ROBERT M. MCCOY** **EMAIL -** **CONTACT@WEST WINDHELICOPTER S.COM** **PHONE -** **409-925-7300** **FAX -** **409-925-7301** | **Lease Operating Costs** | | | | **$124,643.00** |
| **WOOD GROUP PSN, INC.** **Attn: DAVE STEWART** **3861 AMBASSADOR CAFFERY PKWY SUITE 250** **Lafayette, LA 70503** | **DAVE STEWART** **EMAIL - N/A** **PHONE -** **281-647-6825** **FAX -** **281-647-8300** | **Lease Operating Costs** | | | | **$141,059.00** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor   **Castex Energy Partners, L.P.**
_____
Name

Case number *(if known)*   _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| ZEDI US INC. ATTN: ROBERT W. GORDON GENERAL COUNSEL AND CORPORATE SECRETARY 132 DEMANADE BLVD. LAFAYETTE, LA 70503 UNITED STATES | ROBERT W. GORDON  EMAIL - KRIS.CHABERT@ZEDISOLUTIONS.COM; MARIA.GONZAGA @ZEDISOLUTIONS .COM  PHONE - 337-233-2066  FAX - 337-237-3790 | Lease Operating Costs | | | | $25,056 |
| FRANCIS DRILLING FLUIDS, LTD. ATTN: Mr. Mike Francis CEO 240 JASMINE RD CROWLEY, LA 70526 UNITED STATES | Mr. Mike Francis  EMAIL - INFO@FDFLTD.COM  PHONE - 337-783-8685  FAX - 337-783-0059 | Lease Operating Costs | | | | $21,043 |
| OCEANEERING INTERNATIONAL ATTN:  Mr. Roderick A. Larson CEO, President and Director 11911 FM 529 HOUSTON, TX 77041 UNITED STATES | Mr. Roderick A. Larson  EMAIL - INVESTORRELATIONS @OCEANEERING.COM  PHONE - 713-329-4500  FAX - 713-329-4951 | Lease Operating Costs | | | | $19,334 |

Debtor __**Castex Energy Partners, L.P.**_____     Case number *(if known)* _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **EXPEDITORS & PRODUCTION SERVICES CO, INC ATTN: Todd Matte President 206 MAGNATE DRIVE LAFAYETTE, LA 70508 UNITED STATES** | **Todd Matte**<br><br>**EMAIL - TMATTE@EPSTEAM.COM**<br><br>**PHONE - 337-839-2735**<br><br>**FAX - 337-839-2739** | **Lease Operating Costs** | | | | $17,824 |
| **OIL STATES SKAGIT SMATCO, LLC ATTN:  Lawrence R. Dickerson President and CEO 1180 MULBERRY RD HOUMA, LA  70363 UNITED STATES** | **Lawrence R. Dickerson**<br><br>**EMAIL - CRANES@OILSTATES.COM; WINCHES@OILSTATES.COM**<br><br>**PHONE - 985-868-0630**<br><br>**FAX - 985-868-9733** | **Lease Operating Costs** | | | | $16,912 |
| **OFFSHORE PROCESS SERVICES, INC. ATTN: Mark Griggs Owner and President 1206 PARK DR, SUITE 200 MANDEVILLE, LA 70471 UNITED STATES** | **Mark Griggs**<br><br>**EMAIL - SS@OPSINCUSA.COM; INFO@OPSINCUSA.COM**<br><br>**PHONE - 985-727-2900**<br><br>**FAX - 985-727-2950** | **Lease Operating Costs** | | | | $13,265 |
| **EPS LOGISTICS COMPANY ATTN:  Todd Matte President 206 MAGNATE DRIVE LAFAYETTE, LA 70508 UNITED STATES** | **Todd Matte**<br><br>**EMAIL - TMATTE@EPSTEAM.COM**<br><br>**PHONE - 337-839-2735**<br><br>**FAX - 337-839-2739** | **Lease Operating Costs** | | | | $12,781 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

Debtor __**Castex Energy Partners, L.P.**_____     Case number *(if known)* _____
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **MARQUIS RESOURCES LLC ATTN: RANDY WHEELER CHIEF EXECUTIVE OFFICER 400 E KALISTE SALOOM RD #2600 LAFAYETTE, LA 70508 UNITED STATES** | **RANDY WHEELER** **EMAIL -** **PHONE -** 337-984-8345 **FAX -** 337-984-8935 | **Contract Dispute** | **Contingent, Unliquidated, Disputed** | | | **Undetermined** |
| **APACHE CORPORATION ATTN: STEPHEN J. RINEY EXECUTIVE VICE PRESIDENT AND CHIEF FINANCIAL OFFICER 2000 POST OAK BOULEVARD, SUITE 100 HOUSTON, TX 77056** **SCHIFFER ODOM HICKS & JOHNSON PLLC 700 LOUISIANA, SUITE 2650 HOUSTON, TX 77002** | **STEPHEN J. RINEY** **EMAIL -** OWNER.RELATION S@APACHECORP. COM **PHONE -** 713-296-6000 **FAX -** 713-296-6470 | Litigation | **Contingent, Unliquidated, Disputed** | | | **Undetermined** |
| **FIELDWOOD ENERGY, LLC ATTN: MIKE DANE SENIOR VICE PRESIDENT AND CHIEF FINANCIAL OFFICER 2000 W. SAM HOUSTON PKWY. SOUTH SUITE 1200 HOUSTON, TX 77042 UNITED STATES** | **MIKE DANE** **EMAIL -** DOUG.MACAFEE@ FWELLC.COM; VENDORS@FWEL LC.COM **PHONE -** 713-969-1000 **FAX -** 713-969-1099 | Litigation | **Contingent, Unliquidated, Disputed** | | | **Undetermined** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Debtor **Castex Energy Partners, L.P.**                          Case number *(if known)* _____

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **BENEFIT STREET PARTNERS ATTN: THOMAS GAHAN CHIEF EXECUTIVE OFFICER 9 W 57TH ST #4920 NEW YORK, NY 10019 UNITED STATES** | **THOMAS GAHAN**<br><br>**EMAIL - BSP-INFO@BENEF ITSTREETPARTNE RS.COM**<br><br>**PHONE - 212-588-6770**<br><br>**FAX - 212-588-6769** | **Litigation** | **Contingent, Unliquidated, Disputed** | | | **Undetermined** |

**Fill in this information to identify the case:**

Debtor name      **Castex Energy Partners, L.P.**

United States Bankruptcy Court for the:      SOUTHERN DISTRICT OF TEXAS

Case number (if known)      _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended Schedule _____
☑ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration      (1) Corporate Ownership Statement and (2) Equity Interest Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **October 16, 2017**          X **/s/ Aaron Killian**
                                                            Signature of individual signing on behalf of debtor

                                                            **Aaron Killian**
                                                            Printed name

                                                            **Vice President and Chief Financial Officer**
                                                            Position or relationship to debtor

Official Form 202                         **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## Unanimous Written Consent of the
## Limited Partners of Castex Energy Partners, L.P.

The undersigned, being all of the Limited Partners of Castex Energy Partners, L.P., a Texas limited partnership (the "Partnership"), and acting pursuant to Section 6.201 of the Texas Business Organizations Code ("TBOC"), do hereby, in lieu of a meeting, consent to, approve, and adopt the following preliminary statements and resolutions (the "Resolutions") as provided in this *Unanimous Written Consent of the Limited Partners of Castex Energy Partners, L.P.* (this "Written Consent"):

### Preliminary Statement

1.      This Written Consent will be delivered to the Partnership to be filed with the records of the Partnership.

2.      The sole general partner of the Partnership has determined that it is in the best interests of the Partnership, its creditors, and other parties in interest, that the Partnership file a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), as evidenced by that certain *Written Consent of the General Partner of Castex Energy Partners, L.P.* dated October  13  , 2017 (the "GP Consent"), a copy of which is attached hereto as Exhibit A and made a part hereof.

3.      The GP Consent was delivered to the undersigned on October 13, 2017.

4.      The undersigned limited partners of the Partnership acknowledge the General Partner's recommendation for the Partnership to file a voluntary petition for relief under the Bankruptcy Code.

5.      Each undersigned limited partner has considered presentations by, and consultations with, the management and advisors of the Partnership regarding the Partnership's financial situation and the strategic alternatives available to the Partnership and, after such consideration and consultation and has determined that it is advisable that the Partnership file a voluntary petition for relief under the Bankruptcy Code.

### Resolutions

**Resolved,** that this Written Consent shall have the same force and effect as a formal meeting of the Limited Partners of the Partnership for all purposes, and that the undersigned do hereby waive all notice of a meeting as may be required under the *Third Amended and Restated Agreement of Limited Partnership of Castex Energy Partners, L.P.* dated May 15, 2009, as amended, or the TBOC.

**Resolved,** that the Partnership shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the Bankruptcy Code.

**Resolved,** that the General Partner, and (i) Aaron Killian as Vice President/CFO, (ii) Jonathan Wilson as Vice President, or (iii) Ashley S. Green as Corporate Secretary, (each an "Authorized Signatory"), as officers of the General Partner, acting on behalf of the Partnership, acting singly or jointly, be and is hereby authorized, empowered, and directed for, on behalf of, and in the name of, the Partnership to execute, deliver, verify, and/or certify a petition under the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") at such time as such Authorized Signatory executing the same shall determine.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to execute and file, in connection with the Chapter 11 Case, the following nonexclusive things, all petitions, schedules, lists, pleadings, applications, motions, complaints, affidavits, certificates, instruments, documents, agreements, requests, directions, receipts, other papers, or the like, and any amendments, supplements, or modifications of the above, and fully perform or caused to be performed the terms and provisions thereof, and to take any and all actions that such Authorized Signatory may deem necessary, proper, appropriate, or desirable in connection with the commencement, continuation, and prosecution of the Chapter 11 Case including, without limitation, retention of professionals, incurrence of debtor in possession financing, the sale of any or all of the assets or stock of the Partnership, and/or to file and prosecute a plan of reorganization or liquidation.

**Resolved,** that the authority granted to any Authorized Signatory above and herein shall include without limitation, the following Resolutions.

### Restructuring Support Agreement

**Resolved,** that under the totality of the circumstances, the Restructuring Support Agreement (the "RSA") by and between the Partnership, Castex Energy II, LLC, Castex Energy IV, LLC, Castex Offshore, Inc., Castex Energy 2005, L.P., a super majority of the lenders (collectively, the "Prepetition Lenders") under that certain Second Amended and Restated Credit Agreement dated as of July 17, 2013 (as amended, modified, or supplemented, the "Credit Agreement"), Castex Energy I, LLC and Castex Energy, Inc. is in the best interests of the Partnership and its stakeholders, and the Partnership hereby authorizes the RSA and the consummation of the transactions contemplated thereby.

**Resolved,** that that the Partnership, shall be, and it hereby is, authorized, either before or after the filing of the Chapter 11 Case (as defined below) to: (a) execute the RSA, and any associated documents; and (b) pay related fees as may be deemed necessary or desirable in connection with the RSA.

### Chapter 11 Filing

**Resolved,** that the Partnership shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the Bankruptcy Code.

Cash Collateral Usage and Adequate Protection

**Resolved**, that, in order to use and obtain the benefits from the use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (the "Collateral"), which is security for the Prepetition Lenders, the Partnership will provide adequate protection to the Prepetition lenders (the "Adequate Protection Obligations"), as documented in the a proposed interim order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

**Resolved**, that the form, terms and provisions of the Cash Collateral Order to which the Partnership is or will be subject, and the actions and transactions contemplated be, and hereby are authorized, adopted and approved, and each of the Authorized Signatories of the Partnership be, and they hereby are, authorized and empowered, in the name of and on behalf of the Partnership, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Partnership is or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to any Authorized Signatory, with such changes, additions and modifications thereto as any Authorized Signatory of the Partnership executing the same shall approve, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof.

**Resolved**, that the Partnership, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions").

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized and directed, and each of them acting alone hereby is, authorized, directed and empowered in the name of, and on behalf of, the Partnership, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Administrative Agent; and **(c)** such forms of deposit, account control agreements, officer's certificates

and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, directed and empowered in the name of, and on behalf of, the Partnership to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Partnership in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Partnership's obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, directed and empowered in the name of, and on behalf of, the Partnership, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

<u>Debtor-in-Possession Financing</u>

**Resolved**, that the Partnership, as debtor and debtor in possession under the Chapter 11 Case shall be, and hereby is, authorized to: (a) undertake any and all transactions contemplated in the Superpriority Senior Secured Debtor-in-Possession Revolving Credit Agreement (the "<u>DIP Credit Agreement</u>") by and among the Partnership as the Borrower, Capital One, National Association, as Administrative Agent, Castex Energy II, LLC, Castex Energy IV, LLC, Castex Offshore, Inc., Castex Energy 2005, L.P., collectively as Guarantors, and the other lenders party thereto, on substantially the terms and subject to the conditions as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by each of the Authorized Signatories (and their designees and delegates), acting alone or with one or more other Authorized Signatories; (b) borrow funds from, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "<u>Financing Transactions</u>" and each such transaction a "<u>Financing Transaction</u>") with such lenders and on such terms as may be approved by any one or more of the Authorized Signatories, as reasonably necessary for the continuing conduct of the affairs of the Partnership; (c) execute and deliver and cause the Partnership to incur and perform its obligations under the DIP Credit Agreement and Financing Transactions; (d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Partnership; and (e) pay related fees and

grant security interests in and liens upon some, any or all of the Partnership's assets, as may be deemed necessary in connection with such Financing Transactions.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, directed and empowered in the name of, and on behalf of, the Partnership, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Partnership to incur and perform its obligations under the DIP Credit Agreement and the other "Loan Documents" (as defined in the DIP Credit Agreement) (collectively, the "DIP Loan Documents"), and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreement and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral, letters of credit or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Loan Documents and the Financing Transactions (collectively, the "DIP Financing Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Signatory shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof.

**Resolved,** that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents to which the Partnership is a party be, and the same hereby are in all respects approved, and that any Authorized Signatories or other officers of the Partnership are hereby authorized and empowered, in the name of and on behalf of the Partnership, to execute and deliver and to execute and file the DIP Credit Agreement and each of the DIP Loan Documents to which the Partnership is a party, each in the form or substantially in the form thereof submitted to the Partnership, with such changes, additions and modifications thereto as the officers of the Partnership executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized and empowered to authorize Capital One, National Association, as administrative agent under the DIP Credit Agreement (the "DIP Agent") to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Partnership that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Partnership and such other filings in respect of intellectual and other property of the Partnership, in each case as the DIP Agent may reasonably

request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Loan Documents.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized and empowered, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP Financing Documents, and to execute and file on behalf of the Partnership all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof.

**Resolved**, that the Partnership will obtain benefits from the incurrence of the loans and letters of credit under the DIP Credit Agreement and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the DIP Loan Documents and the transactions under the DIP Financing Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Partnership.

## Retention of Professionals

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to employ the law firm of Kelly Hart & Pitre to render legal services to, and to represent the Partnership in connection with any and all aspects of the Chapter 11 Case and any other related matters in connection therewith, on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to employ the law firm of the law firm of Paul Hastings LLP, as special counsel for the Partnership in the Chapter 11 Case, on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to employ the firm of the firm of Alvarez & Marsal North America, LLC as restructuring advisor to, among other things, assist the Partnership in evaluating its business and prospects, it's to represent and assist the Partnership in carrying out its duties under the Bankruptcy Code, on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to employ the firm of Evercore Partners Inc., as financial advisor, to represent and assist the Partnership in carrying out its duties under the Bankruptcy Code, on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to employ the firm of Prime Clerk LLC as noticing and claims agent, solicitation agent, and administrative advisor to represent and assist the Partnership in carrying out its duties under the Bankruptcy Code, on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, consultants, and other professionals to assist in the Chapter 11 Case on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

<u>General Resolutions In Addition To</u>

**Resolved,** that in connection with the filing of the Chapter 11 Case by the Partnership, any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, and on behalf of, and in the name of, the Partnership to negotiate, execute, and deliver a debtor-in-possession loan facility (including, in connection therewith, such notes, security agreements, mortgages, guaranties, and/or other agreements or instruments or amendments or modifications thereto as such Authorized Signatory considers appropriate) on the terms and conditions as such Authorized Signatory may consider necessary, proper, or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Partnership; and with such security instruments containing such terms and conditions including, without limitation, a confession of judgment, waivers of appraisal and notice, consent to executory process and a *pact de non-aliendo*.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed to cause the Partnership to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications, or the like, for creditor or Court approval or approvals or rulings

of governmental or regulatory authorities certificates or other documents, and to take such other actions, as in the judgment of such Authorized Signatory shall be necessary, proper, and desirable and to carry out or cause to be carried out and put into effect the purposes of these Resolutions, and the transactions contemplated by these Resolutions, their authority thereunto to be evidenced by the taking of such actions.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed to cause all fees, costs, and expenses related to the consummation of the transactions contemplated by these Resolutions, which such Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of these Resolutions, the payment of such fees, costs, and expenses being conclusive evidence of such authority.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed to execute and deliver any and all documents and instruments deemed necessary or appropriate by such Authorized Signatory, and to take any and all such further action, in the name of and on behalf of the Partnership, which such Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of these Resolutions, the signature of such Authorized Signatory being conclusive evidence of such authority.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, and on behalf of, and in the name of, the Partnership to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in these Resolutions.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed to authorize any other person(s) to act on behalf of, and in the name of, the Partnership in the manner deemed necessary, proper, or desirable by such Authorized Signatory to carry out or cause to be carried out and put into effect the purposes of these Resolutions, and the transactions contemplated by these Resolutions.

**Resolved,** that any and all actions heretofore or hereafter taken by any Authorized Signatory or any person(s) authorized or directed by such Authorized Signatory within the terms of, as contemplated by, and/or in furtherance of, these Resolutions, be and they are hereby ratified, confirmed, authorized, and approved as the act and deed of the Partnership.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized and empowered to certify on behalf of the Partnership, as to all matters pertaining to the acts, transactions, or agreements, or the like, contemplated in any of these Resolutions.

[End of Text]

Dated: October 13, 2017

**Castex Energy 2005, L.P.,**
a Texas limited partnership, a limited partner
of Castex Energy Partners, L.P.

By:  Castex Energy I, LLC,  its general partner

By _____
Printed Ashley S. Green
Title Corporate Secretary


**Castex Energy IV, LLC,**
a Delaware limited liability company,  a limited
partner of Castex Energy Partners, L.P.

By _____
Printed Ashley S. Green
Title Corporate Secretary

**Exhibit A**

Written Consent of the General Partner of Castex Energy Partners, L.P.

## Written Consent of the
## General Partner of Castex Energy Partners, L.P.

The undersigned, being the sole General Partner of Castex Energy Partners, L.P., a Texas limited partnership (the "Partnership"), and acting pursuant to the *Third Amended and Restated Agreement of Limited Partnership of Castex Energy Partners, L.P.* dated May 15, 2009, as may be amended from time to time (the "Partnership Agreement"), does hereby, in lieu of a meeting, consent to, approve, and adopt the following preliminary statement and resolutions (the "Resolutions") as provided in this *Written Consent of the General Partner of Castex Energy Partners, L.P.* (this "Written Consent"):

### Preliminary Statement

The undersigned sole General Partner has considered presentations by, and consultations with, the management and advisors of the Partnership regarding the Partnership's financial situation and the strategic alternatives available to the Partnership and, after such consideration and consultation, has determined that it is advisable and in the best interests of the Partnership, its creditors, and other parties in interest, that the Partnership file a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

### Resolutions

**Resolved,** that this Written Consent shall have the same force and effect as a formal meeting of the General Partner of the Partnership for all purposes, and that the undersigned does hereby waive all notice of a meeting as may be required under the Partnership Agreement or the Texas Business Organizations Code.

**Resolved,** that the Partnership shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the Bankruptcy Code.

**Resolved,** that the General Partner does hereby recommend to the limited partners of the Partnership that it consent to and authorize the filing of the Chapter 11 Case under the Bankruptcy Code by the Partnership.

**Resolved,** that the General Partner, and (i) Aaron Killian as Vice President/CFO, (ii) Jonathan Wilson as Vice President, or (iii) Ashley S. Green as Corporate Secretary, (each an "Authorized Signatory"), as officers of the General Partner, acting on behalf of the Partnership, acting singly or jointly, be and is hereby authorized, empowered, and directed for, on behalf of, and in the name of, the Partnership to execute, deliver, verify, and/or certify a petition under the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") at such time as such Authorized Signatory executing the same shall determine.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to execute and file, in connection with the Chapter 11 Case, the following nonexclusive things, all petitions, schedules, lists, pleadings, applications, motions, complaints, affidavits, certificates, instruments, documents, agreements, requests, directions, receipts, other papers, or the like, and any amendments, supplements, or modifications of the above, and fully perform or caused to be performed the terms and provisions thereof, and to take any and all actions that such Authorized Signatory may deem necessary, proper, appropriate, or desirable in connection with the commencement, continuation, and prosecution of the Chapter 11 Case including, without limitation, retention of professionals, incurrence of debtor in possession financing, the sale of any or all of the assets or stock of the Partnership, and/or to file and prosecute a plan of reorganization or liquidation.

**Resolved,** that the authority granted to any Authorized Signatory above and herein shall include without limitation, the following Resolutions.

## Restructuring Support Agreement

**Resolved,** that under the totality of the circumstances, the Restructuring Support Agreement (the "RSA") by and between the Partnership, Castex Energy II, LLC, Castex Energy IV, LLC, Castex Offshore, Inc., Castex Energy 2005, L.P.,, a super majority of the lenders (collectively, the "Prepetition Lenders") under that certain Second Amended and Restated Credit Agreement dated as of July 17, 2013 (as amended, modified, or supplemented, the "Credit Agreement"), Castex Energy I, LLC and Castex Energy, Inc. is in the best interests of the Partnership and its stakeholders, and the Partnership hereby authorizes the RSA and the consummation of the transactions contemplated thereby.

**Resolved,** that that the Partnership, shall be, and it hereby is, authorized, either before or after the filing of the Chapter 11 Case (as defined below) to: (a) execute the RSA, and any associated documents; and (b) pay related fees as may be deemed necessary or desirable in connection with the RSA.

## Chapter 11 Filing

**Resolved,** that the Partnership shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the Bankruptcy Code.

## Cash Collateral Usage and Adequate Protection

**Resolved,** that, in order to use and obtain the benefits from the use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (the "Collateral"), which is security for the Prepetition Lenders, the Partnership will provide adequate protection to the Prepetition lenders (the "Adequate Protection

Obligations"), as documented in the a proposed interim order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

**Resolved**, that the form, terms and provisions of the Cash Collateral Order to which the Partnership is or will be subject, and the actions and transactions contemplated be, and hereby are, authorized, adopted and approved, and each of the Authorized Signatories of the Partnership be, and they hereby are, authorized and empowered, in the name of and on behalf of the Partnership, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Partnership is or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to any Authorized Signatory, with such changes, additions and modifications thereto as any Authorized Signatory of the Partnership executing the same shall approve, such approval to be conclusively evidenced by his or her execution and delivery thereof.

**Resolved**, that the Partnership, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions").

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized and directed, and each of them acting alone hereby is, authorized, directed and empowered in the name of, and on behalf of, the Partnership, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Administrative Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, directed and empowered in the name of, and on behalf of, the Partnership to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Partnership in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Partnership's obligations under or in connection with

the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, directed and empowered in the name of, and on behalf of, the Partnership, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

Debtor-in-Possession Financing

**Resolved**, that the Partnership, as debtor and debtor in possession under the Chapter 11 Case shall be, and hereby is, authorized to: (a) undertake any and all transactions contemplated in the Superpriority Senior Secured Debtor-in-Possession Revolving Credit Agreement (the "DIP Credit Agreement") by and among the Partnership as the Borrower, Capital One, National Association, as Administrative Agent, Castex Energy II, LLC, Castex Energy IV, LLC, Castex Offshore, Inc., Castex Energy 2005, L.P., collectively as Guarantors, and the other lenders party thereto, on substantially the terms and subject to the conditions as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by each of the Authorized Signatories (and their designees and delegates), acting alone or with one or more other Authorized Signatories; (b) borrow funds from, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such lenders and on such terms as may be approved by any one or more of the Authorized Signatories, as reasonably necessary for the continuing conduct of the affairs of the Partnership; (c) execute and deliver and cause the Partnership to incur and perform its obligations under the DIP Credit Agreement and Financing Transactions; (d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Partnership; and (e) pay related fees and grant security interests in and liens upon some, any or all of the Partnership's assets, as may be deemed necessary in connection with such Financing Transactions.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, directed and empowered in the name of, and on behalf of, the Partnership, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Partnership to incur and perform its obligations under the DIP Credit Agreement and the other "Loan Documents" (as defined in the DIP Credit Agreement) (collectively, the "DIP Loan Documents"), and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate

swaps, caps, collars or similar hedging agreement and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral, letters of credit or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Loan Documents and the Financing Transactions (collectively, the "DIP Financing Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Signatory shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof.

**Resolved**, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents to which the Partnership is a party be, and the same hereby are in all respects approved, and that any Authorized Signatories or other officers of the Partnership are hereby authorized and empowered, in the name of and on behalf of the Partnership, to execute and deliver and to execute and file the DIP Credit Agreement and each of the DIP Loan Documents to which the Partnership is a party, each in the form or substantially in the form thereof submitted to the Partnership, with such changes, additions and modifications thereto as the officers of the Partnership executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized and empowered to authorize Capital One, National Association, as administrative agent under the DIP Credit Agreement (the "DIP Agent") to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Partnership that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Partnership and such other filings in respect of intellectual and other property of the Partnership, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Loan Documents.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized and empowered, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP Financing Documents, and to execute and file on behalf of the Partnership all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof.

**Resolved**, that the Partnership will obtain benefits from the incurrence of the loans and letters of credit under the DIP Credit Agreement and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the DIP Loan Documents and the transactions under the DIP Financing Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Partnership.

Retention of Professionals

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to employ the law firm of Kelly Hart & Pitre to render legal services to, and to represent the Partnership in connection with any and all aspects of the Chapter 11 Case and any other related matters in connection therewith, on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to employ the law firm of the law firm of Paul Hastings LLP, as special counsel for the Partnership in the Chapter 11 Case, on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to employ the firm of the firm of Alvarez & Marsal North America, LLC as restructuring advisor to, among other things, assist the Partnership in evaluating its business and prospects, it's to represent and assist the Partnership in carrying out its duties under the Bankruptcy Code, on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved**, that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to employ the firm of Evercore Partners Inc., as financial advisor, to represent and assist the Partnership in carrying out its duties under the Bankruptcy Code, on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to employ the firm of Prime Clerk LLC as noticing and claims agent,

solicitation agent, and administrative advisor to represent and assist the Partnership in carrying out its duties under the Bankruptcy Code, on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Partnership to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, consultants, and other professionals to assist in the Chapter 11 Case on such terms and conditions as such Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

## General Resolutions In Addition To

**Resolved,** that in connection with the filing of the Chapter 11 Case by the Partnership, any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered, and directed for, and on behalf of, and in the name of, the Partnership to negotiate, execute, and deliver a debtor-in-possession loan facility (including, in connection therewith, such notes, security agreements, mortgages, guaranties, and/or other agreements or instruments or amendments or modifications thereto as such Authorized Signatory considers appropriate) on the terms and conditions as such Authorized Signatory may consider necessary, proper, or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Partnership; and with such security instruments containing such terms and conditions including, without limitation, a confession of judgment, waivers of appraisal and notice, consent to executory process and a *pact de non-aliendo*.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed to cause the Partnership to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications, or the like, for creditor or Court approval or approvals or rulings of governmental or regulatory authorities certificates or other documents, and to take such other actions, as in the judgment of such Authorized Signatory shall be necessary, proper, and desirable and to carry out or cause to be carried out and put into effect the purposes of these Resolutions, and the transactions contemplated by these Resolutions, their authority thereunto to be evidenced by the taking of such actions.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed to cause all fees, costs, and expenses related to the consummation of the transactions contemplated by these Resolutions, which such Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of these Resolutions, the payment of such fees, costs, and expenses being conclusive evidence of such authority.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed to execute and deliver any and all documents and instruments deemed necessary or appropriate by such Authorized Signatory, and to take any and all such further action, in the name of and on behalf of the Partnership, which such Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of these Resolutions, the signature of such Authorized Signatory being conclusive evidence of such authority.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed for, and on behalf of, and in the name of, the Partnership to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in these Resolutions.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized, empowered and directed to authorize any other person(s) to act on behalf of, and in the name of, the Partnership in the manner deemed necessary, proper, or desirable by such Authorized Signatory to carry out or cause to be carried out and put into effect the purposes of these Resolutions, and the transactions contemplated by these Resolutions.

**Resolved,** that any and all actions heretofore or hereafter taken by any Authorized Signatory or any person(s) authorized or directed by such Authorized Signatory within the terms of, as contemplated by, and/or in furtherance of, these Resolutions, be and they are hereby ratified, confirmed, authorized, and approved as the act and deed of the Partnership.

**Resolved,** that any Authorized Signatory, acting singly or jointly, be and is hereby authorized and empowered to certify on behalf of the Partnership, as to all matters pertaining to the acts, transactions, or agreements, or the like, contemplated in any of these Resolutions.

[End of Text]

Dated: October 13, 2017

**Castex Energy II, LLC,**
a Delaware limited liability company, sole
general partner of Castex Energy Partners, L.P.

By _____

Printed: Ashley S. Green

Title Corporate Secretary