**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:

| | |
|---|---|
| **CASTEX ENERGY PARTNERS, L.P.** | **CASE NO. 17-35835** |
| TAX ID NO.  26-XXX5230 | |
| | |
| **CASTEX ENERGY 2005, L.P.** | **CASE NO. 17-35837** |
| TAX ID NO.  20-XXX7362 | |
| | |
| **CASTEX OFFSHORE, INC.** | **CASE NO. 17-35836** |
| TAX ID NO.  26-XXX8432 | |
| | |
| **CASTEX ENERGY II, LLC** | **CASE NO. 17-35838** |
| TAX ID NO.  [NOT REQUIRED] | |
| | |
| **CASTEX ENERGY IV, LLC** | **CASE NO. 17-35839** |
| TAX ID NO.  [NOT REQUIRED] | |
| | |
| **DEBTORS** | (JOINT ADMINISTRATION  REQUESTED) |

**EMERGENCY MOTION FOR ORDER UNDER BANKRUPTCY RULE 1015(b)**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

---

THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 18, 2017 AT 2:30 P.M. IN COURTROOM 400, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] move the Court for the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"): (i) directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only; and (ii) granting certain related relief. In support of this motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

2. The Debtors, affiliates of one another (i) engage in the exploration, development, production and acquisition of oil and natural gas properties located along the southern coasts of Louisiana and Texas and onshore Louisiana (Castex Energy Partners, L.P.), (ii) hold legal title and act as designated operator of federal offshore leases (Castex Offshore, Inc.), (iii) own Castex Energy Partners, L.P. and Castex Offshore, Inc. (Castex 2005, L. P.), and (iv) act as general and small interest limited partners of certain of the Debtors (Castex Energy II, LLC and Castex Energy IV, LLC).

3. On this date (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections

---

[1] The address of the Debtors is Three Allen Center, 333 Clay Street, Suite 2900, Houston, Texas 77002.

1107 and 1108 of the Bankruptcy Code.

4. An official committee of unsecured creditors has yet to be appointed in these Chapter 11 cases. Further, no trustee or examiner has been requested or appointed in any of these Chapter 11 cases.

5. In support of this motion (the "Motion"), the Debtors rely on the *Declaration of Aaron Killian, Vice President and Chief Financial Officer of the Castex Debtors, In Support of the Chapter 11 Petitions and First-Day Motions* (the "First Day Declaration") filed contemporaneously with this Motion.

## RELIEF REQUESTED

6. By this Motion, the Debtors, pursuant to Bankruptcy Code § 105(a) and Bankruptcy Rule 1015(b), request the joint administration of their Chapter 11 Cases for procedural purposes only, with the case of Castex Energy Partners, L.P. as the lead case.

## BASIS FOR RELIEF REQUESTED

7. Bankruptcy Code § 105 provides in relevant part that, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. Bankruptcy Rule 1015(b) provides in relevant part that:

> If a joint petition or two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates.

FED. R. BANKR. P. 1015(b).

9. As described in the First Day Declaration, the Debtors are "affiliate[s]" as that term is defined in section 101(2) of the Bankruptcy Code. The issues that will be addressed in these Chapter 11 Cases will be related and overlapping. Accordingly, this Court is authorized to grant the relief requested.

10. Joint administration of these cases will obviate the need for duplicative notices, motions, applications, hearings, and orders, and will therefore save considerable time and expense for the Debtors and their estates. Joint administration of these Chapter 11 Cases will also permit the Clerk of Court to utilize a single general docket and combine notices to creditors and other parties in interest. Joint administration also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

11. Furthermore, because these cases involve numerous potential creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court; (b) render the completion of various administrative tasks less costly; (c) minimize the number of unnecessary delays associated with the administration of separate chapter 11 cases; and (d) protect the creditors of each of the Debtors estates against potential conflicts of interest.

12. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of these Chapter 11 Cases for procedural purposes only.

13. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address and last 4 digits of the taxpayer identification number of the debtor." The Proposed Caption annexed as **Exhibit 1** to the proposed order approving this motion contains all of the required information and, therefore, satisfies the terms of section 342(c) of the Bankruptcy Code.

14. Further, Bankruptcy Local Rule 1015-1 details the information a debtor must

include in its request for joint administration. A motion and proposed order for joint administration must "itemize the requested relief," "be in the form published on the court's website," and "be made to the judge with the lowest case number." This motion and the proposed order attached hereto as **Exhibit A** satisfy these requirements.

15. By reason of the foregoing, the interests of the Debtors and their creditors would be best served by joint administration of the above-captioned Chapter 11 Cases.

16. The Debtors also request that the Clerk of Court enter the following notation on the docket of each of the Debtors' Chapter 11 Cases to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Castex Energy Partners, L.P.; Castex Energy II, LLC; Castex Energy 2005, L.P.; Castex Energy IV, LLC; and Castex Offshore, Inc. The docket in the chapter 11 case of Castex Energy Partners, L.P. should be consulted for all matters affecting this case.

17. The Debtors further request that: (a) a single docket sheet shall be maintained for all matters occurring in these Chapter 11 Cases, however, separate claims registers shall be maintained and each creditor shall file a proof of claim against a particular Debtors' estate; (b) a combined service list shall be used; and (c) combined notices to creditors of the estates shall be used.

**NOTICE**

18. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (c) O'Melveny & Myers LLP, counsel to Capital One in its capacity as administrative agent under the proposed postpetition credit agreement and as administrative agent under the Debtors' prepetition secured credit

facility; (d) Norton Rose Fulbright LLP as counsel to Castex Energy, Inc., as a restructuring support party under the Restructuring Support Agreement; (e) the Internal Revenue Service; (f) parties that have filed a lien on the Debtors' assets and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service.  No other or further notice need be provided.

## EMERGENCY CONSIDERATION

19. Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors request emergency consideration of this Motion. Bankruptcy Rule 6003 authorizes a court to grant relief within the first 21 days after commencement of a chapter 11 case to the extent necessary "to avoid immediate and irreparable harm."  Joint administration of these cases is necessary to avoid confusion, promote administrative efficiency and facilitate an orderly transition into chapter 11.  Accordingly, the Debtors request that the Court consider this Motion on an emergency basis.

**WHEREFORE**, the Debtors respectfully request that the Court (i) grant the relief requested herein and (ii) grant such other and further relief as is just and proper.

Dated: October 16, 2017.

*[Signature page follows]*

Respectfully submitted,

**KELLY HART & PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
**Peter A. Kopfinger (#20104)**
**Amelia L. Bueche (#36817)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Email: peter.kopfinger@kellyhart.com
Email: amelia.bueche@kellyhart.com

AND

**Patrick (Rick) M. Shelby (#31963)**
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Email: rick.shelby@kellyhart.com

*Proposed Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

    I certify that on October 16, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                        */s/ Louis M. Phillips*