**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CASTEX ENERGY PARTNERS, L.P., ET AL.[1] | ) | Case No. 17-35835 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## Introduction

Castex Energy Partners, L.P. ("Castex Energy") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules the "Schedules and Statements") with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Debtors prepare their financial statements and keep their books and records on a consolidated basis in the ordinary course of business. In preparing the Schedules and Statements, the Debtors have used their reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis unless otherwise noted. The Schedules and Statements, therefore, contain unaudited information that is subject to further review and potential material adjustment. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States

---

[1] The Debtors are the following five entities (the last four digits of their respective taxpayer identification numbers (if required) follow in parentheses): Castex Energy Partners, L.P. (5230); Castex Energy 2005, L.P. (7632); Castex Energy II, LLC (N/A), Castex Energy IV, LLC (N/A) and Castex Offshore, Inc. (8432) (collectively, the "Debtors"). The address of the Debtors is Three Allen Center, 333 Clay Street, Suite 2900, Houston, Texas 77002.

("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Ms. Ashley S. Green, authorized signatory for the Debtors, has signed each of the Schedules and Statements.  Ms. Green is an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Ms. Green necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Ms. Green has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1.  **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim") description, designation, or Debtor against which the Claim is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues

involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

2. **Description of Cases and "As Of" Information Date**. On October 16, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   On October 17, 2017, the Bankruptcy Court entered the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 15]. On October 27, 2017 the United States Trustee for the Southern District of Texas filed the Notice of Appointment of Committee of Unsecured Creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 69].

   The asset information provided herein represents the asset data of the Debtors as of the close of business on September 30, 2017, except as otherwise noted. The liability information provided herein represents the liability data of the Debtors as of the close of business on October 16, 2017, except as otherwise noted.

3. **Net Book Value of Assets**. Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of September 30, 2017. The book values of certain assets may materially differ from their fair market values. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.

   Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the current commodity price environment and may differ materially from the actual value and/or performance of the underlying assets. Given the volatility in commodity prices, including oil and gas, in recent months, this difference may be material. As such, the value listed in these Schedules and Statements cannot be, and was not, used to determine the Debtors' enterprise valuation.

4. **Recharacterization**. Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired

3

postpetition.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

5.  **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate. Although there are multiple lenders under the Debtors' prepetition debt facilities, only the administrative agents have been listed on the Schedules.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6.  **Excluded Assets and Liabilities**.  The Debtors have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis.  Prepetition liabilities which have been paid postpetition via this authorization have not been included in the Schedules and Statements.

7.  **Insiders**.  For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as:  (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.

8.  **Intellectual Property Rights**.  Exclusion of certain intellectual property, if any, shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

9.  **Executory Contracts**.  Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses, and/or changes in counterparties.  Accordingly, the Debtors reserve all of their rights with

respect to the named parties of any and all executory contracts, including the right to amend Schedule G. Moreover, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damage claims; the Schedules and Statements do not reflect any claims for rejection damages. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any claims related to contracts or leases, including that any contract or lease identified on Schedule G is not an executory contract or unexpired lease for purposes of section 365 of the Bankruptcy Code.

10. **Classifications**. Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

11. **Claims Description**. Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

12. **Causes of Action**. Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

13. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

- Undetermined Amounts.  The description of an amount as "Undetermined" is not intended to reflect upon the materiality of such amount.  Amounts identified as "$0.00" represent either an amount of $0.00, an unliquidated amount, or an undetermined amount.

- Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- Paid Claims.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court.  Accordingly, certain prepetition liabilities that have been reduced by postpetition payments made on account of prepetition liabilities have been omitted from the Schedules and Statements.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- Liens.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

14. **Estimates and Assumptions**. To prepare and file the Schedules in accordance with the deadline established in the Debtors' chapter 11 cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual results could differ from those estimates, perhaps materially. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

15. **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

16. **Revenue/Joint Interest Billing Payables and Receivables**.  Revenue/Joint Interest Billing payables and receivables between the Debtors are set forth on Schedule E/F or Schedule A/B.11a, as applicable.

As described more fully in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Approving Continued Use of Cash Management System, (B) Authorizing Maintenance Of Pre-Petition Bank Accounts and Continued Use of Existing Business Forms, and (III) Waiving the Requirements of Bankruptcy Code § 345(b)* [Docket No. 12] (the "Cash Management Motion"), Castex Energy utilized a centralized cash management system to efficiently collect, transfer, and disburse funds generated by their business operations.

6

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all.

17. **Setoffs and Recoupments**. The Debtors periodically incur certain setoffs and recoupments in the ordinary course of business.

Setoffs and recoupments in the ordinary course can result from various items including, but not limited to, pricing discrepancies, returns, warranties, refunds, negotiations and/or disputes between Debtors and their customers regarding regulatory or governmental impositions costs incurred by Debtors, and other disputes between the Debtors and their customers, suppliers, operators, and/or co-working interest owners. These normal setoffs and recoupments are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs and recoupments. Therefore, although such setoffs, recoupments and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements. Additionally, recoupments may be allowed after the filing of bankruptcy and the effects of any post-bankruptcy recoupments is or may not be indicated in the Schedules and Statements.

18. **Global Notes Control**. In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedules Summary**. Except as otherwise noted, the asset information provided herein represents the Debtors' data regarding their assets as of September 30, 2017, and the liability information provided herein represents the Debtors' data regarding their liabilities as of the close of business on the Petition Date.

For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the

uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

**Schedule A/B.3**.  The bank account balances listed are as of the Petition Date.  Castex Offshore, Inc., as operator of certain oil and gas properties and/or marketer of certain oil and gas production, holds certain revenues and/or royalties in favor of non-Debtor third parties on account of such non-Debtor third party's status as lessor, overriding royalty owner, working interest owner, etc.  These revenues and/or royalties, which are included in the bank account balances listed on Schedule A/B.3 do not represent property of the Debtors' estates.

**Schedule A/B.11**.  In the ordinary course of the Debtors' businesses, cash settlements occur after the completion of an accounting settlement cycle, which typically takes approximately 60 days following the end of a production month.  The timeframe to calculate a net proceed for a given production month requires the following steps: (1) payment of gross capital and operating expenses related to operated wells,  (2) invoicing of joint interest partners and purchasers, (3) receipt of gross sales revenues from purchasers, (4) payment of gross gathering, processing, and transportation costs, (5) payment of severance and other taxes (6) disbursement of royalty and other owners' shares of gross revenue from purchasers, less allowable deductions  (7) receipt of net share of sales revenues from partner-operated properties, (8) collection of joint interest billing receivables, and (9) payment of joint interest billings related to partner-operated properties.  These steps are accomplished over the span of approximately 60 days following the end of a production month.  Accordingly, because one of the Debtors (Castex Offshore, Inc.) operates certain of its properties, there may be accounts payable owed by the operator Debtor as of the Petition Date which will be reimbursed by co-working interest owners.

**Schedule A/B.15**.  Equity interests in subsidiaries and affiliates primarily arise from common stock ownership or member or partnership interests.  For purposes of these Schedules, the Debtors have listed an undetermined value for the equity interests of all of their subsidiaries and affiliates. The book values of certain assets may materially differ from their fair market values and/or the Debtors' enterprise valuation prepared in connection with the Disclosure Statement.

Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the commodity price environment and may differ materially from the actual value and/or performance of the underlying assets.

**Schedule A/B.55**.  Certain of the instruments reflected on Schedule A/B.55 may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B.55.  The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A/B.55 is an executory contract within the meaning of section 365 of the Bankruptcy Code.  The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B.55, including their right to dispute or challenge the characterization or the structure of any

8

transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

Schedule A/B.55 lists the value of the Debtor's interest in real property (such as wells, lease interests, and plants) as unknown because the fair market value of such interest is dependent on numerous variables and factors and may differ significantly from net book value.  Oil and gas properties are comprised of both proved and unproved properties.  Due to the voluminous nature of the numerous assets associated with these properties, including, but not limited to, leases, materials, and equipment, the Debtors have not provided an enumerated list of the individual assets, other than leases, which are set forth in Schedule A/B.55.

Castex Offshore, Inc. ("COI") is record title holder of certain oil and gas leases located offshore Texas and Louisiana, and is the designated operator of these leases (with respect to the Bureau of Ocean Energy Management).  CEP is the beneficial interest owner of all offshore oil and gas assets, of which COI is record title holder.  Because CEP is the beneficial owner of these assets, COI does not carry these leases on their books and records.

**Schedule A/B.70**. Please refer to Schedule G for a listing of all executory contracts. The valuations as to the Debtors' interest in these agreements is unknown at the time of filing.

**Schedule A/B.77**.  The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account.  The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all.  The Debtors and all parties in interest reserve all rights with respect to such accounts.

**Schedule D**.  The Debtors may not have included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.  Also, although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facility, only the administrative agent has been listed for purposes of Schedule D.  The amounts outstanding under the Debtors' prepetition secured credit facility reflect approximate amounts as of the Petition Date.

In response to "Describe debtor's property that is subject to lien", any description of the creditor's liens or their priority herein is qualified in its entirety by reference to the operative documents, agreements, schedules, any amendments and exhibits to the preceding and any documents evidencing perfection of such lien.  The Debtors are taking no position on the extent or priority of a particular creditor's lien in this document.  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.

In response to "Describe the lien", see statement above regarding property subject to lien.

**Schedule E/F**.  The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's

books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

The claims of individual creditors for, among other things, goods, products, or services are listed as the amounts entered on the Debtors' books and records and the claims of individual creditors for taxes are listed as the estimated pre-petition amount and marked as unliquidated. Each of these claim amounts may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

As more fully described in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Payment in the Ordinary Course of (A) Lease Operating Expenses and Costs and (B) Joint Interest Billings and (C) Insurance Payments and (II) Granting Related Relief* [Docket No. 11], the Debtors are party to joint operating or joint exploration agreements with other Debtor affiliates, Non-Debtor affiliates or other third parties for a number of oil and gas wells in which the Debtors also hold an interest. In connection with the daily operation of those wells, the Debtors incur numerous lease operating expenses for which the Debtors are then reimbursed by their partners for the partners' share of the expenses. Where the Debtors hold non-operating working interests in wells under various joint operating agreements, the Debtors reimburse the operators of those wells for the Debtors' share of the relevant operating costs, including production expenses, property taxes, etc. The Debtors are authorized to make payments on account of the foregoing pursuant to the *Interim Order (I) Authorizing the Debtors to Pay Royalties, Severance Taxes and Delay Rentals and (II) Granting Related Relief* [Docket No. 37] and such accrued and payable amounts are not reflected on the Schedules and Statements.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. For example, the Debtors accrue certain asset retirement obligations relating to the plugging and abandonment of their wells. While not listed on Schedule E/F, such amounts are, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Castex Offshore, Inc., as operator of certain oil and gas properties and/or marketer of certain oil and gas production, is obligated to pay certain revenues and/or royalties in favor of third parties on account of such third party's status as lessor, overriding royalty owner, working interest owner, etc. These revenue and/or royalty obligations are not reflected on Schedule E/F.

**Schedule G**. The Debtor's businesses are complex. Although the Debtor's existing books, records, and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases at each of the Debtors and diligent efforts have been made to ensure the accuracy

of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusion may have occurred. Certain information, such as the contract information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or lease on Schedule G does not constitute an admission by the Debtors as to the validity or enforceability of any such contract or lease, an admission that such contract is an executory contract or unexpired lease or an admission that such contract or lease was in effect on the Petition Date.

Certain of the instruments reflected on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule G. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

**Schedule H**. Although there are multiple lenders under the Debtors' prepetition debt facility, only the administrative agents have been listed on Schedule H.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement 1**. The gross revenue from business is listed through September 30, 2017, rather than through the Petition Date.

**Statement 3**. In Statement 3, disbursements made on account of multiple invoices may be reflected as a single payment.

Statement 3 may include remittances to counterparties to the Debtors' oil and gas leases on account

of such owners' share of revenue from the producing wells located on the respective property or lands pooled therewith pursuant to the terms of their oil and gas lease.  The response may also include remittances of overriding royalties to the owners of those interests as well as the holders of non-participating royalty interests pursuant to applicable agreements.  Such remittances do not represent property of the Debtors' estates.  In addition, the Debtors are obligated under various agreements to market the oil and gas production of certain owners of working interests to potential purchasers and remit the amounts due to the appropriate parties.  Specifically, following the sale of production and the receipt of proceeds attributable thereto, the Debtors are obligated to remit the amount of those proceeds belonging to the owner of the working interest, net of all applicable mineral interests, gathering costs, processing and transportation expenses, and production taxes, as applicable.  Certain agreements require the Debtors to process and forward to the appropriate parties, from funds otherwise belonging to third parties, the amounts due on account of such interests and expenses.  The foregoing amounts are not property of the Debtors' estates, but may be included in Statement 3.

**Statement 11**.  All disbursements listed in Statement 11 were initiated and disbursed by Non-Debtor Castex Energy, Inc. or Castex Energy Partners, L.P. but, as applicable, were for the benefit of all Debtors.

**Statement 21**.  Pursuant to the Final Order Authorizing Payment of Certain Oil and Gas Obligations, the Debtors are, among other things, authorized but not directed to pay claims on account of (a) interests in minerals, production, or profit and other burdens on working interests, (b) working interest disbursements and costs, (c) joint interest billings, (d) gathering, transportation, and processing expenses, and (e) warehousing claims.

The Debtors believe that counterparties can argue that the amounts held by the Debtors for payment to royalty or working interest holders are not property of the Debtors.  The Debtors will continue to pay all such amounts as they come due pursuant to orders of the Bankruptcy Court.  It would, therefore, be unduly burdensome and likely result in listing claims that have already been or will soon be paid if the Debtors were to list out all such amounts.  Accordingly, the Debtors have not listed such claims on Statement 21.

**Statement 30**.  See Statement 4.

**Fill in this information to identify the case:**

Debtor name  Castex Energy II, LLC

United States Bankruptcy Court for the: Southern _____ District of Texas _____
(State)

Case number (If known): 17-35838 _____

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☒ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM / DD / YYYY | to   Filing date | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For prior year:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For the year before that:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM / DD / YYYY | to   Filing date | _____ | $ _____ |
| **For prior year:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | _____ | $ _____ |

Debtor    Castex Energy II, LLC
_____    Case number (if known) 17-35838
          Name

## Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☒ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State          ZIP Code | | | ☐ Other _____ |
| 3.2. | | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State          ZIP Code | | | ☐ Other _____ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☒ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |
| 4.2. | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | **Relationship to debtor** | | | |

Debtor   Castex Energy II, LLC
_____   Case number (if known) 17-35838   _____
Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $ _____ |
| | Creditor's name | | | |
| | Street | | | |
| | City                State        ZIP Code | | | |
| 5.2. | | | | $ _____ |
| | Creditor's name | | | |
| | Street | | | |
| | City                State        ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | $ _____ |
| Creditor's name | | | |
| Street | | | |
| City          State     ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

---

**Part 3:   Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☒ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | | | Name | ☐ Pending |
| | Case number | | Street | ☐ On appeal |
| | | | City          State     ZIP Code | ☐ Concluded |
| 7.2. | Case title | | Court or agency's name and address | ☐ Pending |
| | Case number | | Name | ☐ On appeal |
| | | | Street | ☐ Concluded |
| | | | City          State     ZIP Code | |

Debtor    Castex Energy II, LLC          Case number *(if known)* 17-35838
        Name

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | | Name |
| | **Case number** | Street |
| City        State        ZIP Code | | City        State        ZIP Code |
| | **Date of order or assignment** | |

---

## Part 4:   Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| **9.1** Recipient's name | | | $ |
| Street | | | |
| City        State        ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| **9.2** Recipient's name | | | $ |
| Street | | | |
| City        State        ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |

---

## Part 5:   Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| | | | $ |

---

Debtor    Castex Energy II, LLC
          Name

Case number (if known) 17-35838

---

**Part 6:    Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $ _____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City            State        ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $ _____ |
| | **Address** | _____ | | |
| | Street | | | |
| | _____ | | | |
| | City            State        ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| **Trustee** | _____ | | |
| _____ | | | |

---

Official Form 207            **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**            page **5**

Debtor    Castex Energy II, LLC                                      Case number (if known) 17-35838
          Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $_____ |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City            State      ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | **Who received transfer?** | | | |
| | _____ | _____ | _____ | $_____ |
| | _____ | _____ | | |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City            State      ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

## Part 7:    Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | See Attached Rider | From _____   To _____ |
| | Street | |
| | _____ | |
| | City            State      ZIP Code | |
| 14.2. | Street | From _____   To _____ |
| | _____ | |
| | City            State      ZIP Code | |

Debtor    Castex Energy II, LLC
_____    Case number (if known) 17-35838 _____
    Name

---

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

[X] No. Go to Part 9.

[ ] Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| **15.1.** _____ <br> Facility name <br><br> _____ <br> Street <br><br> _____ <br> City      State      ZIP Code | _____ <br> _____ <br><br> **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br><br> _____ <br> _____ | _____ <br><br> **How are records kept?** <br><br> *Check all that apply:* <br> [ ] Electronically <br> [ ] Paper |
| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| **15.2.** _____ <br> Facility name <br><br> _____ <br> Street <br><br> _____ <br> City      State      ZIP Code | _____ <br> _____ <br><br> **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br><br> _____ <br> _____ | _____ <br><br> **How are records kept?** <br><br> *Check all that apply:* <br> [ ] Electronically <br> [ ] Paper |

---

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

[ ] No.

[X] Yes. State the nature of the information collected and retained. Tax ID, address, phone & bank account information for parties receiving payment through wire transfer.

Does the debtor have a privacy policy about that information?

[ ] No

[X] Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

[X] No. Go to Part 10.

[ ] Yes. Does the debtor serve as plan administrator?

[ ] No. Go to Part 10.

[ ] Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: __ __ – __ __ __ __ __ __ __ |

Has the plan been terminated?

[ ] No

[ ] Yes

---

Debtor   Castex Energy II, LLC _____   Case number *(if known)* 17-35838
         Name

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

[X] None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Name<br>Street<br>City  State  ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. | Name<br>Street<br>City  State  ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

[X] None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City  State  ZIP Code | _____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

[X] None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City  State  ZIP Code | _____<br>_____<br>**Address**<br>_____ | _____<br>_____ | ☐ No<br>☐ Yes |

---

Debtor    <u>Castex Energy II, LLC</u>                                    Case number (if known) <u>17-35838</u>
          Name

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |

---

**Part 12:    Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

Debtor    Castex Energy II, LLC
          _____    Case number (if known) 17-35838 _____
          Name

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | _____ | _____ |
| Street | Street | _____ | |
| City          State     ZIP Code | City          State     ZIP Code | | |

---

### Part 13:   Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number |
|---|---|---|---|
| | | | Do not include Social Security number or ITIN. |
| 25.1. | See Attached Rider | _____ | EIN: __ __ – __ __ __ __ __ __ __ |
| | Name | _____ | **Dates business existed** |
| | Street | | |
| | City          State     ZIP Code | | From _____   To _____ |
| 25.2. | Business name and address | Describe the nature of the business | Employer Identification number |
| | | | Do not include Social Security number or ITIN. |
| | | _____ | EIN: __ __ – __ __ __ __ __ __ __ |
| | Name | _____ | **Dates business existed** |
| | Street | | |
| | City          State     ZIP Code | | From _____   To _____ |
| 25.3. | Business name and address | Describe the nature of the business | Employer Identification number |
| | | | Do not include Social Security number or ITIN. |
| | | _____ | EIN: __ __ – __ __ __ __ __ __ __ |
| | Name | _____ | **Dates business existed** |
| | Street | | |
| | City          State     ZIP Code | | From _____   To _____ |

---

Debtor     Castex Energy II, LLC                      Case number (if known) 17-35838
                Name

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1.   CROOKER, CARAN<br>THREE ALLEN CENTER<br>333 CLAY STREET<br>SUITE 2900<br>HOUSTON, TX 77002 | From 01/01/2012   To PRESENT |

| Name and address | Dates of service |
|---|---|
| 26a.2.                          <br>Name<br><br>Street<br><br>City         State       ZIP Code | From _____   To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.   See Attached Rider | From _____   To _____ |

| Name and address | Dates of service |
|---|---|
| 26b.2.                    <br>Name<br><br>Street<br><br>City         State       ZIP Code | From _____   To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   See Attached Rider | _____<br>_____<br>_____ |

Debtor     Castex Energy II, LLC                       Case number *(if known)* 17-35838

        Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name _____ | _____ |
| Street _____ | _____ |
| City _____ State _____ ZIP Code _____ | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    See Attached Rider |

| Name and address |
|---|
| 26d.2. |
| Name _____ |
| Street _____ |
| City _____ State _____ ZIP Code _____ |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name _____ |
| Street _____ |
| City _____ State _____ ZIP Code _____ |

Debtor    Castex Energy II, LLC _____    Case number (if known) 17-35838 _____
    Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records |
|---|

27.2.

_____
Name

_____
Street

_____

_____
City                                    State        ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Attached Rider | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See Attached Rider | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. _____ | _____ | _____ | _____ |
| Name | | | |
| _____ | | _____ | |
| Street | | | |
| _____ | | _____ | |
| City                    State        ZIP Code | | | |
| **Relationship to debtor** | | _____ | |
| | | _____ | |

Debtor     Castex Energy II, LLC                                    Case number (if known) 17-35838
_____                                _____
            Name

| Name and address of recipient | | | |
|---|---|---|---|
| 30.2 | | | |
| | Name | | |
| | Street | | |
| | City                State          ZIP Code | | |
| | Relationship to debtor | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
☐ No
☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Castex Energy 2005, L.P. | EIN:   20-2357362 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN:  ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     11/15/2017
                MM / DD  / YYYY

✗  /s/ Ashley S. Green                                  Printed name  Ashley S. Green
_____                                   _____
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  Corporate Secretary

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☐ No
☒ Yes

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page 14

Debtor Name:  Castex Energy II, LLC                                   Case Number:   17-35838

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 7, Question 14:** Previous addresses

| Address | Dates of occupancy From | Dates of occupancy To |
|---|---|---|
| 333 CLAY STREET<br>SUITE 2000<br>HOUSTON, TX 77002 | 09/01/2011 | 07/01/2017 |

Debtor Name:          Castex Energy II, LLC                                          Case Number:          17-35838

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 25:** Other businesses in which the debtor has or has had an interest

| Business Name & Address | Describe the nature of the business | Employer identification number | Date business existed From | Date business existed To |
|---|---|---|---|---|
| CASTEX ENERGY PARTNERS, LP<br>ATTN: ASHLEY GREEN<br>333 CLAY STREET<br>SUITE 2900<br>HOUSTON, TX 77002 | HOLDER OF OIL AND GAS INTERESTS | 26-0275230 | 02/22/2008 | PRESENT |

Debtor Name: Castex Energy II, LLC                                        Case Number:   17-35838

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26b:** List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

| Name & Address | Dates of service From | Dates of service To |
|---|---|---|
| ANDERSEN TAX LLC<br>BOX 200988<br>PITTSBURGH, PA 15251-0988 | 10/01/2015 | PRESENT |
| BDO<br>2929 ALLEN PARKWAY, 20TH FL<br>HOUSTON, TX 77019-7100 | 10/01/2015 | PRESENT |

Debtor Name:          Castex Energy II, LLC                                    Case Number:          17-35838

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26c:** Firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and Address | If any books of account and records are unavailable explain why |
|---|---|
| ANDERSON TAX, LLC<br>5847 SAN FELIPE ST<br>SUITE 4450<br>HOUSTON, TX 77057 | |
| CROOKER, CARAN<br>THREE ALLEN CENTER<br>333 CLAY STREET<br>SUITE 2900<br>HOUSTON, TX 77002 | |
| GREEN, ASHLEY S<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | |
| KILLIAN, AARON<br>THREE ALLEN CENTER<br>333 CLAY STREET<br>SUITE 2900<br>HOUSTON, TX | |

Debtor Name:          Castex Energy II, LLC                                    Case Number:          17-35838

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

| Name & Address |
| --- |
| CAPITAL ONE, NATIONAL ASSOCIATION<br>90 PARK AVENUE<br>NEW YORK, NY 10016 |
| BANK OF AMERICA, NA, AS ADMINISTRATIVE AGENT<br>901 MAIN STREET<br>14TH FLOOR<br>MAIL CODE: TX1-492-14-11<br>DALLAS, TX 75202-3714 |

The administrative agent may have shared the financial statements with other banks who are a party to the debt.

Debtor Name: Castex Energy II, LLC                                    Case Number:   17-35838

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 28:** Debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and Address | Position and nature of any interest | % of interest if any |
|---|---|---|
| CASTEX ENERGY 2005, LP<br>ATTN: ASHLEY GREEN<br>333 CLAY STREET<br>SUITE 2900<br>HOUSTON, TX 77002 | STAKEHOLDER | |
| GREEN, ASHLEY S<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | CORPORATE SECRETARY | |
| IVY, KEVIN<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | VICE PRESIDENT | |
| KILLIAN, AARON<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | MANAGER | |
| KILLIAN, AARON<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | VICE PRESIDENT/CHIEF FINANCIAL OFFICER | |
| RINARD, RONALD E<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | MANAGER | |
| SCHWARTZ, THOMAS<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | VICE PRESIDENT | |
| STOIKA, JOHN  R<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | PRESIDENT | |
| STOIKA, JOHN R<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | MANAGER | |
| WILSON, JONATHAN<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | VICE PRESIDENT | |

Debtor Name: Castex Energy II, LLC                                                    Case Number: 17-35838

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name and address | Position and nature of any interest | Period during which position or interest was held From | Period during which position or interest was held To |
|---|---|---|---|
| ADDISON, PETER D<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | VICE PRESIDENT | 05/25/2015 | 03/07/2016 |
| BROGDON, MATTHEW  T<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | VICE PRESIDENT/CHIEF FINANCIAL OFFICER | 05/25/2015 | 06/07/2017 |
| IVY, RONALD T<br>333 CLAY ST.<br>SUITE 2900<br>HOUSTON, TX 77002 | VICE PRESIDENT | 05/25/2015 | 01/20/2017 |